FOR THE

# COUNTY OF PISCATAQUIS.

## 1851.

---

PRESENT:

Hon. JOHN S. TENNEY, LL D.
Hon. SAMUEL WELLS, } ASSOCIATE JUSTICES.
Hon. JOSEPH HOWARD.

---

HUDSON AND EMILY HIS WIFE, *appellants, versus* MARTIN.

The first three years, within which a guardian is bound to settle a guardianship account, do not commence until assets shall have come into his hands.

In settling, in the Probate Court, a guardianship account with a minor, no previous notice by the guardian is requisite, except in cases of married females and in cases where new guardians may have been appointed.

Of the compensation for personal services and of the rate of commissions, to which a guardian is entitled.

APPEAL from a decree of the *Judge of Probate.*

Emily F. Martin was the daughter of the appellee. While a minor she became possessed of property in her own right, and her father was appointed as her guardian, *July* 1, 1845. No assets came to his hands until *February*, 1846. By R. S. c. 110, § 28, a guardian forfeits compensation for his per-

sonal services, if he neglects to settle his guardianship account in the probate office, at least once in three years. It was in *August*, 1848, when the appellant exhibited his first account for settlement, no notice thereof having been given. The Judge of Probate decreed that the account be "*received and recorded.*"

In March, 1850, Emily intermarried with Henry Hudson, and in July, 1850, while yet under age, joined with her husband in a petition, that the appellee should be cited to settle a final account of his guardianship. Upon the citation, issued on that petition, the final account was presented for settlement.

The first account, among other items, contained charges for attending seven times at the Probate Court; also for commissions on $2070, at 5 per cent. The second account charged for attending at four different times at the Probate Court, and credited an allowance upon the first account of $72,13. These items of charge, together with some others of greater magnitude, mentioned in the opinion of the Court, were objected to, but the whole were allowed. For that reason, this appeal was taken.

*Blake*, for the appellants.

TENNEY, J. — It is admitted, that the appellee was appointed July 1, 1845, the guardian of Emily F. Martin, who has since intermarried with Henry Hudson, and that no assets came to his hands, till Feb. 1846, when he filed in the probate office his inventory. No complaint appears to have been made, that he did not come to the possession of the property of the ward at an earlier day. It could not have been intended by the Legislature, that the three years within which a guardian is required by statute c. 110, § 27, to render and settle his account with the Judge of Probate, should commence before any property should come to his hands.

Another ground of appeal is, that an improper allowance has been made to the guardian for expenses incurred in the

education of the ward, who was his daughter ; also unreasonable sums for services, and disbursements as charged in the account. Under this head, the appellants claim the right to have the accounts from their commencement to the final decree of the Judge of Probate examined and passed upon by this Court. This right is denied, as not being applicable to the first account, upon the ground, that the first account has been rendered to the Judge of Probate, and settled by him, and cannot therefore be reëxamined, unless upon a suggestion, that fraud has been committed or some mistake has been discovered therein.

It has been assumed in cases before the appellate Court of Probate in Massachusetts, and that of this State, that when a guardian's account has been the subject of a decree of allowance in the Probate Court, and no appeal taken, that account cannot afterwards be reöpened, unless for the causes before referred to. But in some of them such questions were not raised by the facts presented. *Boynton & al.* v. *Dyer*, 18 Pick. 1; *Starrett* v. *Jameson*, 29 Maine, 504. In both, the question was, whether the guardian should account for interest on moneys in his hands, when the principal without interest had been credited in a former account, and a decree upon the account passed. It was held that the claim of interest had never been before the Court and was not embraced in the decree.

In the settlement of a guardian's account in probate, during the minority of the ward, notice is not required to be given, and there is no one, unless a new guardian is appointed, whose duty it is to appear before the Probate Court and object to the account, and take an appeal from any decree of the Judge. And in R. S. c. 110, § 15, the guardian is required to give bonds, that at the expiration of his trust, he will deliver over all moneys and property, which on a final settlement of his *accounts* shall appear to be remaining in his hands. It is contended, from the plural form used in reference to accounts in this provision, the final settlement ap-

plies to all the accounts previously presented, when the ward can be heard.

But this question does not seem to be involved in the case before us. In looking into the copies of the probate proceedings, there has been no decree, allowing the guardian's account, excepting the one from which the appeal was taken.

The first account, as appears by the record, was presented, sworn to, vouchers examined, without any notice, and decreed to be *received* and recorded.

In the second account rendered, the guardian has opened his first account by giving a credit to his ward, "by allowance on first account in 1848, $72,13," and the record shows that the guardian made oath, that the charges and articles were true, and due notice thereof having been given, pursuant to the order of Court. Objections were made by Henry Hudson, but on due consideration were overruled. After examination of vouchers, it was decreed, that the same be allowed and recorded, and the balance paid to the ward.

It must have been understood by the guardian and the Judge of Probate, that the accounts from their commencement were open, and made the subject of the decree. And an appeal being taken, they are now before this Court.

From June 16, 1846, to July 31, 1848, inclusive, the guardian charged one hundred dollars, for expenses incurred in the education of the ward, and between the last date and the time when the last account was rendered, the sum of one hundred and four dollars and nineteen cents for expenses incurred for the same object. All this was when the ward was between fifteen and nineteen years of age.

By statute, c. 88, § 1, if any minor who has a father living, has property, which is sufficient for his maintenance and education, in a manner more expensive, than the father can afford, regard being had to the situation of the father's family, and to all the circumstances of the case, the expenses of the maintenance and education of such child may be defrayed out of his own property in whole or in part. The evidence introduced satisfies us, that the expenses for the ed-

Hudson *v.* Martin.

ucation of the ward was not greater than the guardian could afford, and these expenses should have been defrayed from his own means exclusively; and they are therefore disallowed.

It is proper that the guardian should have compensation for attending Probate Court when he took letters of guardianship, when he returned his inventory, and for presenting his first account of guardianship, which was received and recorded without notice. All this was done when these services were rendered for two wards jointly, and half of the charges to be allowed on the first account only should be against the appellants. He attended Probate Court, when he presented his second account, and when the same was settled. These two charges are proper and should be allowed. No evidence is presented, to satisfy us of the necessity of attending Probate Court at other times, and the charges therefor are disallowed, in both accounts.

It appears that the guardian has made specific charges for all his services. The charge therefore of commissions should be reduced to the sum of $2\frac{1}{2}$ per cent. upon the moneys in his hands, and that amount be allowed, and the residue of this charge disallowed.

The sum of $72,13 has been credited to the ward in the second account. The sum therefore disallowed in the first account should be made less by this amount.

The decree of the Judge of Probate is reversed so far as it embraces in the allowance, the charges which are now disallowed, and affirmed as to the residue of the account.